IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01568-CMA-MEH

DEBORAH L. HENLEY,

    Plaintiff,

v.

VERIZON,

    Defendant.

---

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to this Court's Order to Show Cause for Plaintiff's failure to respond to Defendant's Motion to Dismiss despite this Court's order to do so, and due to her failure to appear at the Scheduling Conference. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

Plaintiff filed this *pro se* action on July 2, 2009, and on August 3, 2009, this Court set a Scheduling Conference for October 19, 2009.  Docket #10.  Meanwhile, in response to the Complaint, the Defendant filed a Motion to Dismiss Plaintiff's Complaint on September 8, 2009. Docket #11.  This Court ordered Plaintiff to file a response to the motion on or before September 30, 2009.  Docket #14.  When Plaintiff failed to respond, this Court issued to the Plaintiff an order to show cause why the Defendant's motion to dismiss should not be granted; Plaintiff was ordered to respond on or before October 16, 2009.  The Plaintiff did not respond.

The Court held a Scheduling Conference in this matter on October 19, 2009, at which the Plaintiff did not appear.  Defense counsel informed the Court that she spoke with the Plaintiff as recently as October 9, 2009, regarding the upcoming Scheduling Conference and the proposed order.

**DISCUSSION**

Although the Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence.  In accordance with D.C. Colo. LCivR 7.1C and this Court's order, Plaintiff's response to the Motion to Dismiss in this matter was due to be filed on or before September 30, 2009.  As noted previously, no response was filed by the Plaintiff.  Additionally, the Plaintiff has filed no request for an extension of time within which to file a response.  Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal

with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule long has been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has failed to prosecute this case with due diligence by her failure to appear for the Scheduling Conference in this matter, failure to respond to this Court's order to show cause, and failure to respond to the Defendant's Motion to Dismiss or to properly request an extension of time within which to respond, if she was unable to do so in a timely manner.  For these reasons alone, dismissal of this action against the Defendant is warranted.

## CONCLUSION

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I do hereby RECOMMEND that the District Court **dismiss this case without prejudice** for Plaintiff's failure to prosecute this action, and **deny** Defendant's Motion to Dismiss Plaintiff's Complaint [filed September 8, 2009; docket #11] **as moot**.

Dated this 19th day of October, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3